## OHIO SUPREME COURT—Continued

---

No. 404

No. 18423—The State, ex rel Herman D. Lease, Pros. Atty., v. Ross Turner and William Switzer. Quo Warranto.

1065. SCHOOLS—Members of a county board begin their terms from time they take oath, if on third Saturday of January, which may be taken at any time during that day.

DAY, J.

Members of a county board of education duly elected for the term of four years from the third Saturday in January of a given year begin their terms from the time they take the oath of office. If they do so any time during said day it is a sufficient compliance with Section 4231, General Code, and said office does not become vacant even though a majority of the board had met and organized pursuant to Section 4732 and 4733, General Code, and considered certain business before said new members have qualified.

Writ refused.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

---

## ADDITIONAL COURT OF APPEALS CASES
### No. 416
### KANTOUNIS v. PLAKAS
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4997. Decided April 25, 1924

677. JUDGMENTS—Court held to have no power to vacate former order upon its own motion after term of court.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

George Plakas, d. b. a. Northern Contracting Co., brought an action in the Municipal Court of Cleveland on an account and procured service by process of garnishment and advertisement. On Oct. 25, 1922, he obtained a default judgment. On Oct. 25, 1922, an order of garnishee was issued. On Oct. 31,

1922, a motion was filed to vacate this judgment. On Nov. 11, 1922, the bailiff returned the order of garnishment together with $641 to clerk. On Nov. 11, 1922, a motion to vacate was granted. On the 17th day of November, 1922, a statement of defense was filed. On May 29, the court, on its own motion, set aside its former order vacating the judgment and struck the motion from the files. The defendant prosecuted error from this latter ruling. In reversing the judgment below, the Court of Appeals held:

1. That the Court had no power to vacate its former order on its own motion at a subsequent term of court.

Attorneys—J. J. McCall, for Kantounis; Squire, Sanders & Dempsey, for Plakas.

---

No. 417
### QUEEN INSURANCE CO. v. ORD
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5027. Decided May 9, 1924

480. EVIDENCE—Judgment for plaintiff on an insurance policy covering theft of automobile reversed because not sustained by sufficient evidence.

VICKERY, P. J.    Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Cleveland Municipal Court, wherein Francis C. Ord was plaintiff and the Queen Insurance Co. was defendant. The action was on an insurance policy for the theft of an automobile. The evidence was in substance that one Melcher, who took the car, afterwards confessed that he was employed by Ord to take it so the latter might collect the insurance. Ord had signed a written confession of the same thing, but on the witness stand declared that he was coerced into signing the confession.

The evidence was that Ord and his fiance were sitting in the car in front of the theater when Melcher came near them. They told him that they were driving to another theater. When later they arrived there, Melcher met them and they pointed out the car to him. An hour later when they left the theater, the car was gone. Ord notified the police and the next day filed his claim for insurance. The car was found stripped of all its accessories. Later, both Melcher and Ord confessed. Under these circumstances, Judge Sawicki of the Municipal Court found in favor of Ord for the full amount of insurance. The insurance Co. prosecuted error. Held:

The judgment of the court was not sustained by sufficient evidence and will be reversed. Judgment reversed.

Attorneys—White, Cannon & Spieth, for Insurance Co.; Townes & Portman, for Ord; all of Cleveland.